IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Johnnie Massey,                                )
                                               )        C/A No. 3:12-3483-TMC
                              Plaintiff,        )
                                               )
              v.                               )        **<u>ORDER</u>**
                                               )
Carolyn W. Colvin, Acting                      )
Commissioner, Social Security                  )
Administration,[1]                             )
                                               )
                              Defendant.        )

 

On January 20, 2014, Plaintiff Johnnie Massey ("Massey") filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and the position taken by the Commissioner in this action was not substantially justified.  (ECF No. 14).   The Commissioner responded on February 4, 2014, stating she did not object to Massey's request for attorney's fees.  (ECF No. 21).

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).[2] The

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013.  Pursuant to Fed.R.Civ.P.25(d), Colvin should be substituted for Michael J. Astrue as the Defendant in this action.

[2] A party who wins a remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g), is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292,

district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. *Pierce v. Underwood,* 487 U.S. 552 (1988); *May v. Sullivan,* 936 F.2d 176, 177 (4th Cir. 1991).

The district courts also have broad discretion to set the attorney fee amount. In determining the fee award, "[e]xorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Hyatt v. North Carolina Dep't of Human Res.,*315 F.3d 239, 254 (4th Cir. 2002) (citing *Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Additionally, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the Commissioner's position was not substantially justified. Therefore, after a thorough review of the record in this case, the court finds that Massey has made a proper showing under the EAJA and, therefore grants her motion for attorney's fees.

Massey seeks an hourly rate in excess of $125 per hour to adjust for an increase in the cost of living allowance. Specifically, Massey seeks an award of $181.25 per hour for 16.5 attorney hours, or $2,990.63,[3] and $90.63 per hour for 26.75 paralegal hours, or $2,424.35, for a total fee of $5,414.98 plus $350.00 in costs. The Commissioner has not objected to Massey's calculation of the hourly rate, and the court finds the calculation reasonable.

_____

300–302 (1993). The remand in this case was made pursuant to sentence four.

[3]It is noted that the calculation in Plaintiff's motion for attorney fees is incorrect. The correct amount should be $2,990.63 (16.5 hours x $181.25), as set forth above.

2

Accordingly, based on the foregoing, the court orders that Massey be awarded $5,414.98 in attorney's fees and $350.00 for costs,[4] for a total award of $5,764.98.[5]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

February 6, 2014
Anderson, South Carolina

---

[4] Costs are paid from the Judgment Fund, rather than from agency funds.  *See* 28 U.S.C. § 2412 (c)(1), 2414.

[5] The court notes that the fees must be paid to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).